NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CANDLESTICK HEIGHTS COMMUNITY ALLIANCE, an unincorporated association, | No. 24-300 |
| | D.C. No. 3:23-cv-00082-SK |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM[*] |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Argued and Submitted January 14, 2025
San Francisco, California

Before: H.A. THOMAS, MENDOZA, and JOHNSTONE, Circuit Judges.

The Candlestick Heights Community Alliance ("the Alliance") brought a

citizen suit under the Clean Air Act ("CAA") against the City and County of San

Francisco ("the City") for its alleged violation of California State Implementation

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plan ("SIP") Regulations. The City installed and operated 16 diesel light generators in the Candlestick Heights and Bayview Hill neighborhoods without permits. Each of the 16 diesel light generators contained a 5.1 horsepower, Tier 4 Final diesel engine. On November 1, 2022, the Alliance filed a Notice of Intent to Sue ("NOI") under the CAA. By December 2022, eight permanent light poles and solar panels were installed and operational, and the City discontinued use of nine diesel light generators, leaving only seven active. The Alliance filed a complaint on January 6, 2023, seeking injunctive relief, civil penalties, and costs.

The district court granted the City's motion for judgment on the pleadings. The district court held that the NOI put the city on notice that 16 diesel light generators, when aggregated, allegedly exceeded the maximum brake horsepower allowed by the SIP without permits, but that the NOI "did not put Defendant on notice of any emissions standard or limitation that has been allegedly violated relating to hazardous air pollutants." Relying only on the Alliance's theory of horsepower exceedance, the district court held that the Alliance lacked Article III standing and dismissed its case. We review de novo the sufficiency of the Alliance's NOI and the district court's decision to grant a Rule 12(c) motion, *see ONRC Action v. Columbia Plywood, Inc.*, 286 F.3d 1137, 1142 (9th Cir. 2002); *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989), and we affirm.

1. The CAA requires that citizens give sixty days' notice of their intent to

file suit under the Act's citizen suit provision. 42 U.S.C. § 7604(b)(1)(A). The NOI must give "notice of the violation," *id.*, and must include "sufficient information to permit the recipient to identify the specific standard, limitation, or order which has allegedly been violated." 40 C.F.R. § 54.3(b). Additionally, notice must be specific enough to "give the [alleged violator] the opportunity to correct the problem." *Cottonwood Env't L. Ctr. v. Edwards*, 86 F.4th 1255, 1264 (9th Cir. 2023) (quoting *S.F. BayKeeper, Inc. v. Tosco Corp.*, 309 F.3d 1153, 1158 (9th Cir. 2002)).

The Alliance's NOI stated that the City violated SIP Regulations 2-1-301 and 2-1-302 by installing and operating 16 diesel light generators without a permit. The NOI only put the City on notice of a violation based on the theory that the diesel light generators' aggregate horsepower exceeded the maximum allowed without a permit. The NOI did not give the City notice that the Alliance intended to sue on the theory that any one diesel light generator triggers the toxic air pollutant permitting threshold and thus requires a permit. Instead, the NOI focused solely on the aggregation of the diesel light generators and SIP Regulation 2-1-114.2, which exempts generators with maximum break horsepower under 50 from permitting requirements. And the NOI did not cite to SIP Regulation 2-1-316: "New or Modified Sources of Toxic Air Contaminants or Hazardous Air Pollutants." Therefore, the City was only on notice as to operating diesel light generators that, in the aggregate, exceeded 50 break horsepower. The City was not

on notice that installing and operating one diesel light generator alone violated SIP Regulations 2-1-301 and 2-1-302 by triggering the toxic air permitting threshold.

2. The NOI only gave notice of a violation based on its theory that the 16 diesel light generators exceeded the maximum break horsepower allowed without a permit, and thus the Alliance can only rely on that theory to demonstrate Article III standing. Associational standing requires the association show that at least one member has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81. And "a plaintiff must demonstrate standing separately for each form of relief sought." *Laidlaw,* 528 U.S. at 185 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)).

The Alliance lacks Article III standing because neither its claim for civil penalties nor for injunctive relief redresses its alleged injury. When the complaint was filed, the City was only operating seven diesel light generators, which, even if aggregated, are exempt from permitting requirements under SIP Regulation 2-1-114.2. The Alliance's claim for civil penalties would not redress its alleged injuries because the violation was not ongoing at the time the complaint was filed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 106 (1998) (holding that

when an alleged violation is abated before a complaint is filed, civil penalties do not redress a plaintiff's alleged injury because they are payable not to the plaintiff, but to the United States Treasury). The Alliance's claim for injunctive relief similarly would not redress its alleged injuries because it has not demonstrated a sufficient likelihood that a similar injury will recur. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971 (9th Cir. 2018). No diesel light generators remain on the site, and the permanent light poles and solar panels are installed and operational.

Because any alleged injury is not redressable, we decline to reach whether the Alliance established an injury sufficient for Article III standing or whether such an injury is traceable to the challenged conduct.

**AFFIRMED.**